17-3572-cv (L)
*S.E.C. v. Princeton Economics*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand nineteen.

PRESENT:   ROBERT D. SACK,
                      PETER W. HALL,
                      CHRISTOPHER F. DRONEY,

                      *Circuit Judges.*
----------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION, UNITED STATES COMMODITY FUTURES TRADING COMMISSION,

                      *Plaintiffs - Appellees,*

ALAN M. COHEN,

                      *Receiver - Appellee,*

UNITED STATES OF AMERICA,

                      *Intervenor,*

                      v.                                               Nos. 17-3572-cv (L)
                                                                              17-3576-cv (XAP)

MARTIN A. ARMSTRONG,

                      *Defendant - Appellant,*

PRINCETON ECONOMICS INTERNATIONAL, LTD., PRINCETON GLOBAL MANAGEMENT LTD.,

                      *Defendants.*
----------------------------------------------------------------------

1

FOR APPELLANT:  THOMAS V. SJOBLOM, Law Office of Thomas V. Sjoblom, Washington, DC.

FOR APPELLEE SECURITIES AND
EXCHANGE COMMISSION:  DOMINICK V. FREDA (Robert B. Stebbins, John W. Avery, Catherine A. Broderick, *on the brief*), United States Securities and Exchange Commission, Washington, DC.

FOR APPELLEE UNITED STATES
COMMODITY FUTURES TRADING
COMMISSION:  Robert A. Schwartz, Martin B. White (*no brief*), United State Commodity Futures Trading Commission, Washington, DC.

FOR APPELLEE ALAN M. COHEN:  TANCRED V. SCHIAVONI III, O'Melveny & Myers LLP, New York, NY.

Appeal from the closing orders of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the closing orders of the District Court are **AFFIRMED**.

Defendant-Appellant Martin Armstrong appeals from the orders of the United States District Court for the Southern District of New York (Castel, *J.*) entered on October 6, 2017, authorizing case closure, approving the final plan of distribution submitted by the court-appointed receiver, Alan Cohen ("the Receiver"), and granting other ancillary relief. Armstrong contends that the District Court abused its discretion in granting the Receiver's motion to wind up the receivership because the SEC and the Receiver violated the Final Consent Judgment by refusing to return some of Armstrong's personal property. We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

The District Court placed into receivership the assets of Armstrong's companies and their subsidiaries and affiliates (collectively, the "Corporate Defendants") in 1999. The Receiver took possession of bank accounts held by the Corporate Defendants,[1] a corporate beach house property, and non-cash assets purchased with funds from corporate accounts.

Among the non-cash assets placed into receivership were several storage lockers in New Jersey and Pennsylvania, which had been leased or otherwise maintained by the Corporate Defendants. The Receiver maintained several additional storage lockers in New York to store furniture, office equipment, and computers recovered from the corporate offices, and furniture and other items recovered from the corporate beach house. All these storage lockers and their general contents were identified as receivership assets in the Receiver's 2001 and 2007 reports, which were produced to Armstrong when filed.

In 2008, the Receiver moved to approve a Plan of Final Distribution ("the Plan"), and the court set the Bar Date, *i.e.*, the deadline by which persons and entities were required to raise objections to the Plan and to assert claims to receivership property, or forever be barred from doing so. Proskauer Rose LLP, as Armstrong's counsel, filed a proof of claim requesting legal fees on behalf of itself and unspecified personal property on behalf of Armstrong. The proof of claim asked the court "to direct the Receiver to refrain from liquidating or abandoning any physical items" in the storage lockers until Armstrong had a chance to identify any personal property. Supp. App. 235. This proof of claim was later

---

[1] None of the accounts transferred to the receivership were denominated in Armstrong's name except for one account, corresponding to a Corporate Defendant's 401(k) and profit-sharing plan. The Receiver, in his 2007 report, noted that he was unable to resolve a dispute regarding Armstrong's 401(k) account with the account administrator and "invited" Armstrong "to present his claim" for any funds in that account. Supp. App. 42 n.59. Armstrong never did so.

withdrawn, however, pursuant to a stipulated settlement agreement, which the District Court approved, and in which Armstrong explicitly waived any claim on the remaining receivership assets. Armstrong filed no objection to the Plan, and it was approved by the District Court.[2]

In 2017, the Receiver arranged for Armstrong to inspect the contents of the storage lockers. Ross Neglia, a paralegal employed by the Receiver's counsel, arranged with Armstrong for him to inspect the lockers and invited him to claim anything personal to him, "i.e., [items] not acquired with corporate funds and/or things like family pictures, books and clothes." App. 234. Neglia accompanied Armstrong and his son to the storage lockers in New Jersey and Pennsylvania over the course of two days. Following up in an e-mail, Armstrong thanked Neglia "for allowing me to take whatever I want from the storage units" and asked for a price quote for delivering "the whole lot" to Florida, so that Armstrong could "just sort out everything there." App. 253. The Receiver, understandably, did not arrange for such shipping, and no further steps were taken by Armstrong.

We review for abuse of discretion the District Court's decision to approve closure of the receivership. *See S.E.C. v. Credit Bancorp, Ltd.*, 290 F.3d 80, 87 (2d Cir. 2002).

The District Court did not exceed the bounds of its discretion in authorizing case closure over Armstrong's objection that some of his personal property had not been returned to him. The District Court determined that Armstrong's objection was "substantially rebutted" by Ross Neglia's affidavit, which described Armstrong's visits to the storage lockers,

---

[2] In its order approving the Plan, the court stated that all non-excused "persons or entities with a claim that failed to file a proof of claim prior to the Bar Date" were "forever barred, estopped, and permanently enjoined from [] asserting a claim, whether directly or indirectly, against any of the Receivership Entities, Receivership Estates, Receivership Property or the Receiver." Supp. App. 270.

4

and the acknowledgements signed by Armstrong, which identified personal items he took from the facilities, including photo albums, travel mugs, and a stamp catalog. Sp. App. 6–7. Though "the power of a securities receiver is not without limits," receivers appointed at the SEC's request are "equipped with a variety of tools to help preserve the status quo while the various transactions are unraveled" and are responsible for "marshal[ing] the assets" of the defendant. *Eberhard v. Marcu*, 530 F.3d 122, 131–32 (2d Cir. 2008) (internal quotation marks and alteration omitted). Here, the District Court reasonably found that the Receiver gave Armstrong an adequate opportunity to reclaim any personal possessions by giving Armstrong and his son unrestricted access to "take whatever [they] want[ed]" from the storage lockers, not limiting the time they spent doing so, and refusing only Armstrong's demand to have "the whole lot" shipped to Armstrong in Florida, which would have caused further delay, expense, and risk to the assets. App. 253.

Armstrong's contention that the District Court abused its discretion by allowing the SEC and the Receiver to violate the terms of the Final Consent Judgment is unsupported by the provision of the Final Consent Judgment on which Armstrong relies. That provision states that "the SEC will assist the Court, receiver and/or the parties in returning to Armstrong property that belongs to him, to the extent that such property, if any, that the Court orders to be returned to Armstrong is in the possession, custody or control of the SEC." *Id.* at 147–48. The language relied on does not impose any obligation on the District Court. Notably, Armstrong never affirmatively moved or otherwise requested that the District Court identify some receivership assets as his personal property, hold a hearing on this issue, or order the return of his personal property.

5

Armstrong's argument that he is entitled to a jury trial under *Eberhard*, 530 F.3d at 132, is similarly unavailing.  Armstrong explicitly waived the right to a jury trial in the Final Consent Judgment and never made a demand for a jury trial.  *See* App. 148; Fed. R. Civ. P. 38(d).  *Eberhard*, which held that a third party was entitled to a jury trial to determine ownership of property claimed by a receiver, does not bear on this analysis.  530 F.3d at 136–37.

We have considered all of Armstrong's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the closing orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6